**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Shenequia Jones,

                Plaintiff,

       vs.

Equifax Information Services, LLC,
Trans Union, LLC,
GFS II LLC,
Heights Finance Corporation, and
RAC Acceptance East, LLC,

              Defendants.

Case No.: 1:18-cv-08357

**JOINT STATUS REPORT**

(1)    **The Nature of the Case:**

    a.    **Attorneys of record:**

- Brian J. Olszewski representing Plaintiff.

- Misty L. Peterson (Lead), Tameika L. Montgomery, Rodney L. Lewis and Mary K. Curry representing Defendant Equifax Information Services, LLC ("Equifax").

- Erik J. Jones (Lead), Justin T. Walton, and Michael Joseph Sreenan representing Defendant Trans Union, LLC ("Trans Union").

- Erin L. Hoffman (Lead), Jessica Z. Savran and Sean J. Powell representing Defendant RAC Acceptance East, LLC ("RAC").

- James V. Noonan (Lead) and Brendan W. McClelland representing Defendant GFS II LLC ("GFS").

- Brett J. Ashton representing Defendant Heights Finance Corporation ("Heights Finance").

b. **Jurisdictional basis for case:** Jurisdiction of this court arises under 15 U.S.C. §1681p. This is an action brought by a consumer, alleging violations of the Fair Credit Reporting Act.

c. **Nature of claims:**

**<u>PLAINTIFF</u>**

This case revolves around violations for the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff asserts that Defendants Heights Finance and RAC have failed to remove monthly payments on their tradelines after receiving Plaintiff's dispute. The accounts reflected by the Heights Finance and RAC tradelines are charged off and closed, and Plaintiff no longer has an obligation to make monthly payments. Plaintiff further asserts that Defendant GFS has failed to report the correct notation of bankruptcy discharge on its tradeline after receiving Plaintiff's consumer dispute. Without the bankruptcy notation, creditors would be misled to believe that these accounts are open and active, when in fact, they are closed and no longer the Plaintiff's obligation. These furnishers have negligently and willfully failed to conduct a reasonable investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

Regarding, Equifax and Trans Union ("CRAs"), Plaintiff asserts that they negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information reported, in violation of 15 U.S.C. §1681e(b). Plaintiff further asserts that after receiving Plaintiff's dispute,

the CRAs negligently and willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

Plaintiff seeks actual damages, statutory damages, costs, attorneys' fees and removal of the erroneous information from her credit files.

## **DEFENDANTS**

**Defendant Equifax Information Services LLC:** Equifax is a consumer reporting agency, as that term is defined in the FCRA, and is regularly engaged in the preparation of consumer reports as defined by § 1681a(f). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax reported the status of Plaintiff's disputed tradeline(s) accurately at all times relevant in this case. Equifax admits that it reasonably reinvestigated Plaintiff's dispute within the time allotted under the FCRA. Equifax maintained reasonable procedures to assure maximum possible accuracy in its consumer reports concerning Plaintiff, if any. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax has not completed its investigation concerning the facts and circumstances surrounding this case and this statement of facts and defenses is based on facts currently known to Equifax. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Defendant Trans Union, LLC:** Plaintiff wrongly claims that consumer reporting agency Trans Union is liable under the Fair Credit Reporting Act for accurately reporting her RAC (opened in 2014) and Heights Financial (opened in 2013) accounts as charged off and closed with no past due balances with her past

3

respective monthly payments of "$144 per month, paid Monthly for 33 months" and "$78 per month, paid Monthly for 15 months." Case law holds that accuracy is a complete defense to Plaintiff's FCRA claims and Plaintiff's subjective belief that the accurate reporting was somehow misleading is not sufficient to support a claim of inaccuracy. Case law holds that accuracy is a complete defense to Plaintiff's FCRA claims and Plaintiff's subjective belief that the accurate reporting was somehow misleading is not sufficient to support a claim of inaccuracy.

Plaintiff also incorrectly claims Trans Union is liable for accurately reporting Plaintiff's Chapter 7 Bankruptcy as "discharged" and accurately her GFS account as "included in" that discharged bankruptcy with no account or past due balances, but without the single extra word "discharged." Plaintiff's claims will fail because the White federal class action settlement held that Trans Union's reporting is "conclusively deemed to comply with the FCRA." Plaintiff's claims further fail because Plaintiff has not and cannot allege, as required, that Trans Union's reporting of the account as "included in bankruptcy" with no account or past due balances is in any way misleading, which is a prima facie element of an FCRA claim.

Plaintiff disputed the monthly payment terms of RAC and Heights Financial and the bankruptcy status of GFS with Trans Union only once. Trans Union conducted a reasonable reinvestigation as required by the FCRA and sent its reinvestigation results to Plaintiff.

Finally, Plaintiff has a poor credit history and will be unable to show that the reporting of the disputed accounts caused her any emotional distress or were the required "substantial factor" in any claimed credit denials.

**Defendant RAC**: For purposes of this case, defendant RAC is a "furnisher" of consumer information as that term is used in 15 U.S.C. § 1681s-2(b). RAC denies that it is liable to plaintiff in this matter, and believes that plaintiff cannot prove that the actions or inactions of RAC caused her alleged damages. RAC has not completed its investigation concerning the facts and circumstances surrounding this case and this statement of facts and defenses is based on facts currently known to RAC. RAC makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Defendant Heights Finance Corporation:** For purposes of this case, defendant Heights Finance is a "furnisher" of consumer information as that term is used in 15 U.S.C. § 1681s-2(b). Heights Finance denies Plaintiff's claims and denies that it violated the FCRA. Heights Finance denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Heights Finance has not completed its investigation concerning the facts and circumstances surrounding this case and this statement of facts and defenses is based on facts currently known to Heights Finance. Heights Finance makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Defendant GFS:** For purposes of this case, defendant GFS is a "furnisher" of consumer information as that term is used in 15 U.S.C. § 1681s-2(b). GFS denies

5

Plaintiff's claims and denies that it violated the FCRA. GFS denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. GFS has not completed its investigation concerning the facts and circumstances surrounding this case and this statement of facts and defenses is based on facts currently known to GFS. GFS makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

(2) **Pending Motions and Case Plan:**

    a.    **Pending motions:** None at this time.

    b.    **Mandatory Initial Discovery Pilot Project ("MID"):** The parties confirm that we have read the MID. Currently, there are no disagreements regarding the MID and each party is compliant with the MID.

    c.    **Proposed Discovery Plan:**

      i.    Discovery will be needed on all allegations, claims, theories of liability, damages, and affirmative defenses alleged in the Complaint and Answers. Discovery will be conducted by (including but not limited to) Interrogatories, Requests for Admission, Requests for Production of Documents, and Depositions.

      ii.    Written discovery will be issued by April 23, 2019.

      iii.    At this time, the parties do not anticipate expert discovery relevant to dispositive liability motions. However, the parties reserve the right to seek leave to conduct such expert discovery should fact discovery reveal good cause for doing so.

iv.   Liability discovery will be completed by <u>October 29, 2019</u>.

v.   Pleadings will be amended by <u>May 24, 2019</u>.

vi.   The parties agree that the scheduling of expert discovery relevant to damages should be deferred until it becomes necessary for a hearing or trial.

vii.   At this time, the parties are not seeking any extension of this schedule.

d.   **E-Discovery:**

i.   **Electronically Stored Information ("ESI"):** The parties do not believe that this case is suitable for electronic discovery.  However, the parties agree to produce any electronically stored information, to the extent it is responsive to any proper discovery requests, in paper copy or PDF format as an initial matter. If necessary, the parties agree to confer with one another regarding any additional exchange or production.

ii.   The parties do not anticipate any issue regarding electronically stored information.  Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34.  Plaintiff and Defendants shall respond in good faith, producing such documents as it locates through a reasonable search in the format described in (2)d.i. above.  If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist.  If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court

through a request for discovery conference, a motion to compel, or a motion for protective order.

iii. The parties have reviewed the information regarding the Voluntary E-Mediation Program.

e. **Trial:** Plaintiff has requested a jury trial, which is not contested by Defendants. Parties estimate that trial will take 2-3 days.

(3) **Consent to Proceed Before a Magistrate Judge:** The parties do not unanimously consent to the referral of this matter to a United States Magistrate Judge for all matters in the case, including dispositive motions and trial.

(4) **Status of Settlement Discussions:**

a. Heights Finance has made an offer of settlement to the Plaintiff that is currently under consideration.

b. The other parties have not engaged in settlement discussions but intend to do so immediately following the submission of this Joint Report.

c. At this time, the parties do not request a settlement conference before the Magistrate Judge.

8

Respectfully submitted,

/s/ Brian J. Olszewski
Brian J. Olszewski
Law Offices of Michael Lee
Tinaglia, Ltd.
444 N. Northwest Hwy., Ste. 350
Park Ridge, IL 60068
Telephone: (847) 692-0421
Fax: (847) 685-8440
bolszewski@tinaglia.com
Counsel for Plaintiff

/s/ Misty L. Peterson
Misty L. Peterson
Tameika Montgomery
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309
Telephone: (404)572-4600
TMontgomery@KSLAW.com
mpeterson@KSLAW.com
Counsel for Defendant Equifax
Information Services LLC

Rodney L. Lewis
Mark Kathryn Curry
Polsinelli PC
150 North Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312)819-1900
Fax: (312)819-1910
rodneylewis@polsinelli.com
mkcurry@polsinelli.com
Local Counsel for Defendant Equifax
Information Services LLC

/s/ Erik J. Jones, Esq.
Erik J. Jones, Esq. (IL #34657-53)
Justin. T. Walton, Esq. (IL #29540-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: (317) 363-2400
Fax: (317) 363-2257
ejones@schuckitlaw.com
jwalton@schuckitlaw.com
Counsel for Defendant Trans Union, LLC

Michael Joseph Sreenan, Esq.
(IL ARDC #6194288)
Michael J. Sreenan, P.C.
1341 West Fullerton Avenue, No. 175
Chicago, IL 60614
Telephone: (773) 549-8700
Fax: (773) 304-1999
msreenan@sreenanpc.com
Local Counsel for Defendant Trans Union,
LLC

/s/ Jessica Z. Savran
Erin L. Hoffman (MN No. 0387835)
Jessica Z. Savran (MN No. 0348983)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
Erin.hoffman@FaegreBD.com
Jessica.savran@FaegreBD.com
Counsel for RAC Acceptance East, LLC

/s/ James V. Noonan
James V. Noonan #6200366
Brendan McClelland #6288863
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, IL 60603
Telephone: (312) 431-1455
jnoonan@noonanandlieberman.com
bmcclelland@noonanandlieberman.com
*Counsel for Defendant GFS II, LLC*

/s/ Brett J. Ashton
Brett J. Ashton
Krieg Devault LLP
One Indiana Square
Suite 2800
Indianapolis, IN 46204
bashton@kdlegal.com
*Counsel for Defendant Heights Finance
Corporation*

Sean J. Powell (ARDC No. 6324518)
311 S. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: (312) 356-5108
Fax: (312) 212-6501
Sean.powell@FaegreBD.com
*Local Counsel for RAC Acceptance East, LLC*

## <u>CERTIFICATE OF SERVICE</u>

      I, the undersigned, certify that I filed the foregoing Joint Status Report through the Court's CM/ECF system, which will cause electronic notification of this filing to be sent to all parties of record on March 28, 2019.

By:   */s/  Brian J. Olszewski*
Brian J. Olszewski (#6283673)
Law Office of Michael Lee Tinaglia, Ltd.
444 N. Northwest Highway, Suite 350
Park Ridge, IL 60068
Phone: 847-692-0421
Fax: 847-685-8440
BOlszewski@tinaglialaw.com


Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorney for Plaintiff,*
*Shenequia Jones*